IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NYDIA PEREZ ROMERO,

    Plaintiff,

    v.

DEPARTMENT OF EDUCATION OF THE
COMMONWEALTH OF PUERTO RICO,

    Defendant.

CIVIL NO. 07-1339 (RLA)

### **ORDER DISMISSING THE COMPLAINT**

Plaintiff seeks equitable and monetary relief due to defendant's alleged failure to provide her with accommodation in her employment purportedly warranted by the American with Disabilities Act of 1990, 42 U.S.C. §§ 12111 *et seq.* ("ADA"). Defendant, the Puerto Rico Department of Education ("DOE"), has moved the court to dismiss the instant complaint alleging Eleventh Amendment immunity as well as plaintiff's failure to adequately plead an ADA claim.

ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 372, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). It is evident from a reading of the complaint that the claims asserted under ADA are based exclusively on defendant's alleged failure to grant her a reasonable accommodation in her work under Title I.

**CIVIL NO. 07-1339 (RLA)**                                                                 **Page 2**

However, according to Garrett, states are immune from Title I ADA suits in federal court based on the protection afforded by the Eleventh Amendment.[1]

The Eleventh Amendment to the United States Constitution[2] bars the commencement and prosecution in federal court of suits claiming damages brought against any state, including Puerto Rico, without its consent. Fresenius Med. Care Cardiovascular Res., Inc. v. Puerto Rico and Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 61 (1st Cir. 2003); Futura Dev. v. Estado Libre Asociado, 144 F.3d 7, 12-13 (1st Cir. 1998); In re San Juan Dupont Plaza Hotel Fire Lit., 888 F.2d 940, 942 (1st Cir. 1989); Ramírez v. P.R. Fire Serv., 715 F.2d 694, 697 (1st Cir. 1983); Fernández v. Chardón, 681 F.2d 42, 59 n.13 (1st Cir. 1982).

---

[1] This immunity has not been extended to certain Title II ADA actions. *See, i.e.*, Tennessee v. Lane, 541 U.S. 509, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004) (case involving access to courts brought by individuals protected by the statute); Toledo v. Sanchez, (student purportedly denied accommodation at public education facility). Although addressed at a lower level, the Eleventh Amendment's applicability to Title III suits is yet to be resolved by the United States Supreme Court. *See, i.e.,* Simmang v. Texas Bd. of Law Examiners, 346 F.Supp.2d 874 (W.D.Tex. 2004) (Title III suits barred by the Eleventh Amendment).

[2] The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Eleventh Amendment immunity applies even though the state has not been named in the suit. Its protection is extended to governmental entities which are considered an arm or alter ego of the state. Royal Caribbean Corp. v. Puerto Rico Ports Auth., 973 F.2d 8, 9-10 (1st Cir. 1992); In re San Juan Dupont Plaza Hotel Fire Lit., 888 F.2d at 943-44. In this case we deem the DOE to be an arm of the state for purposes of this provision and consequently, also immune from suit in the federal courts by virtue of the Eleventh Amendment. *See*, Diaz-Fonseca, 451 F.3d at 34 ("This court has assumed without discussion that the DOE's Eleventh Amendment immunity is coextensive with that of the Commonwealth's") and cases cited therein.

Based on the foregoing, defendant's Motion to Dismiss (docket No. **5**) is **GRANTED**.[3] Accordingly, the claims asserted against the DOE are hereby **DISMISSED WITHOUT PREJUDICE** based on Eleventh Amendment immunity.[4]

Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 31st day of March, 2008.

                                  S/Raymond L. Acosta
                                    RAYMOND L. ACOSTA
                               United States District Judge

---

[3] See, Opposition (docket No. **9**).

[4] Given our ruling there is no need to address defendant's alternate grounds for dismissal based on plaintiff's failure to state a colorable ADA claim.